UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY FRIEND,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN HEGARTY,<br><br>    Defendant. | Case No. 5:15-cv-04506-HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 77 |

    Pro se plaintiff Jeffrey Friend is a former employee of the U.S. Postal Service (USPS) who filed this suit, alleging that USPS discriminated against him based on a disability and because of his race. He also sued the National Postal Mail Handlers Union (National Union) and John Hegarty (the Union's former national president), for alleged breach of the duty of fair representation.

    Defendants previously moved to dismiss the complaint, and Friend timely filed a first amended complaint (FAC) as of right under Fed. R. Civ. P. 15. After defendants moved to dismiss the FAC, the court dismissed plaintiff's claims against the USPS and Hegarty without leave to amend. As for the National Union, plaintiff's claims were dismissed in part. Plaintiff's duty of fair representation claim as to the unfiled grievances and his dissatisfaction with the representation he received in the grievance and arbitration proceedings were dismissed as

untimely, without leave to amend, because the court concluded that no tolling applied and that a further attempt at amendment would be futile.

So, the only remaining defendant is the National Union, and the only remaining claim is based on an alleged breached a duty of fair representation in connection with plaintiff's EEO/EEOC proceedings.

Plaintiff now moves for leave to file a Second Amended Complaint (SAC) to add the National Postal Mail Handlers Union, Local 302 (Local Union) as a defendant. He suggests that the Local Union promised to provide assistance in his EEO proceedings. He also claims that he initially thought the National Union and Local Union were one and the same, but has since learned that they are not. The National Union opposes the motion, but only in part. The matter is deemed suitable for determination without oral argument, and the August 15, 2017 hearing is vacated.[1] Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court grants the motion in part and denies it in part as follows:

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P.15(a)(2). The decision whether to grant leave to amend under Rule 15(a) is committed to the sound discretion of the trial court. See Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted, however, where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The National Union does not concede the accuracy of the assertions plaintiff makes in his motion. Nevertheless, defendant takes no position as to whether plaintiff should be permitted to add the Local Union to this suit.[2] It does, however, oppose plaintiff's motion to the extent it

---

[1] Defendant's motion for leave to appear at the hearing by phone (Dkt. 84) is denied as moot.

[2] The National Union posits that there may be issues as to timing and whether plaintiff's proposed SAC would relate back to the original complaint---issues which it believes the Local Union might

2

appears that his proposed SAC seeks to reassert claims that have already been dismissed without leave to amend. Indeed, plaintiff's proposed SAC is virtually identical to the FAC, except that it adds the Local Union to the caption and to allegations in paragraphs 84-88 asserted against the National Union. (Defendant also points to other changes which have no effect on the substance of plaintiff's allegations.)

Generally, a plaintiff waives all claims alleged in a dismissed complaint that are not realleged in an amended pleading. Lacey v. Maricopa Cnty., 693 F.3d 896, 925 (9th Cir. 2012). That rule, however, does not apply to claims that, as here, have already been dismissed without leave to amend. Id. at 928 ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal."). In his reply brief, as this court understands it, plaintiff says that he does not intend to resurrect matters that have already been dismissed; rather, he simply wants to add the Local Union to this case.

Accordingly, the court will permit plaintiff to file an SAC adding the Local Union as a defendant. However, plaintiff's motion is denied as to the allegations appearing in paragraphs 84-87 of his proposed SAC. As discussed above, to the extent those allegations formed the basis for his duty of fair representation claim, this court dismissed them, without leave to amend, as untimely and because it concluded that no tolling applied. Additionally, nothing changes this court's prior rulings dismissing the claims against USPS and Hegarty without leave to amend.

Plaintiff shall file his SAC within 15 days from the date of this order. To the extent he has not already done so, plaintiff is strongly encouraged to contact the Federal Pro Se Program for assistance. The Pro Se Program is located on the Second Floor of the Federal Courthouse in San Jose. Help is provided by appointment and on a drop-in basis; however, Fridays are by appointment only. Appointments may be made by: (1) signing up in person at the Program's office (Room 2070) at the San Jose Federal Courthouse; (2) signing up in person at The Law

---

raise if and when it is served. Defendant acknowledges, however, that it has no standing to assert arguments on behalf of the Local Union. Accordingly, this court does not address those arguments here.

Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA; or (3) calling 408-297-1480. Additionally, if he has not already done so, plaintiff is also directed to obtain a copy of the court's Handbook for Pro Se Litigants, available on the court's website (http://cand.uscourts.gov) or from the Clerk's Office.

SO ORDERED.

Dated: August 8, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-04506-HRL Notice has been electronically mailed to:

Bruce Lerner    blerner@bredhoff.com

Christopher Eugene Platten    cplatten@wmprlaw.com, bsafadi@wmprlaw.com, ltodd@wmprlaw.com

Joshua Aaron Segal    jsegal@bredhoff.com, pjohnson@bredhoff.com

5:15-cv-04506-HRL Notice sent by U.S. Mail on 8/8/2017 to:

Jeffrey Friend
3106 Capewood Lane
San Jose, CA 95132