UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY FRIEND,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL POSTAL MAIL HANDLERS UNION, et al.,<br><br>    Defendants. | Case No. 5:15-cv-04506-HRL<br><br>**ORDER GRANTING NATIONAL UNION'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 91 |

    Pro se plaintiff Jeffrey Friend is a former employee of the U.S. Postal Service (USPS) who filed this suit for alleged discrimination as to the USPS and alleged violation of the duty of fair representation (39 U.S.C. § 1208, *et seq.*) as to the National Postal Mail Handlers Union (National) and John Hegarty (National's former president). The parties are well familiar with plaintiff's allegations and the history of this case, which have been detailed in other orders and will not be repeated here. For present purposes, suffice to say that plaintiff's claims against the USPS and Hegarty were dismissed without leave to amend. Some of plaintiff's claims as to National were also dismissed, including those based on allegations that defendant failed to adequately represent him during the grievance and arbitration proceedings challenging his termination (e.g., by, among other things, "fail[ing] to adequately communicate the outcome of the Arbitration hearing to Plaintiff and inform Plaintiff of his right to appeal and the timeframe for

doing so"). (Dkt. 31, First Amended Complaint (FAC) ¶ 85; Dkt. 65, Order re Motion to Dismiss). However, National's motion to dismiss was denied as to plaintiff's claim that it breached the duty of fair representation "when it failed to communicate the outcome of the EEO and EEOC proceedings to Plaintiff and inform Plaintiff of his right to appeal and the timeframe for doing so." (FAC ¶ 85).

Plaintiff subsequently requested permission to file a Second Amended Complaint (SAC) so that he could add the National Postal Mail Handlers Union, Local 302 (Local) to the sole remaining claim against National. National opposed that motion only insofar as plaintiff's proposed SAC purported to revive claims and parties that had been dismissed without leave to amend. (Plaintiff said he did not mean to do so.) National otherwise took no position as to whether Local should be added as a defendant. The court denied plaintiff's motion as to the already dismissed parties and claims, including claims based on allegations that he had not been adequately advised about the outcome of the arbitration hearing, his right of appeal, and the timeframe for doing so. But the motion was granted insofar as plaintiff sought to add Local to the duty of representation claim in connection with the EEO/EEOC proceedings. (Dkt. 85).

In the SAC plaintiff actually filed, however, the sole claim for relief[1] resurrects a claim for breach of the duty of fair representation against National based on allegations that National "failed to adequately communicate the outcome of the Arbitration hearing to Plaintiff and inform Plaintiff of his right to appeal and the timeframe for doing so." (Dkt. 88 ¶ 68). As for the alleged breach of the duty of fair representation based on the EEO/EEOC proceedings, that allegation is asserted only against Local. (Id. ¶ 69).

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), National now moves to dismiss the SAC on the grounds that (1) the sole claim asserted against National is one that has already been dismissed without leave to amend; and (2) the SAC pleads no facts supporting National's liability for the claimed breach re the EEO/EEOC proceedings, now asserted solely against Local. Plaintiff does not take issue with the first contention and confirms that he did not intend to contest prior rulings as to claims

---

[1] The claim erroneously is titled "Violation of Rehabilitation Act, 29 U.S.C. §§ 791, *et seq*.

2

concerning the arbitration proceedings. He says allegations about the arbitration were included "for background information." (Dkt. 101 at 2). Accordingly, National's motion to dismiss as to that claim is granted as unopposed. Plaintiff does, however, oppose the motion as to the claim based on the EEO/EEOC proceedings, now saying that he meant to assert it against both National and Local. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the court grants National's motion without leave to amend.[2]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at

---

[2] All parties that have appeared have consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. At plaintiff's request, the court directed the U.S. Marshal to serve Local with the SAC. There is no indication that Local has been served yet. Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D. Cal., Mar. 1, 2011) (Laporte, J.).

3

1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

**DISCUSSION**

Even assuming that the duty of fair representation claim based on EEO/EEOC proceedings included National, National contends that the SAC must be dismissed because plaintiff fails to allege facts indicating that National was an affirmative participant in the events underlying his claim or suggesting that it may be held indirectly liable for anything that Local did (or failed to do). Accepting as true plaintiff's assertion that he meant to include National on that claim, the court agrees that the SAC still fails to state a claim as to that defendant.

Plaintiff does not suggest that there are facts indicating that National was an actual participant in relevant events, but he believes that National might still be held vicariously liable for the Local's alleged conduct. Common law agency principles apply in the determination whether National may be held liable for the alleged actions of Local. See Carbon Fuel Co. v. United Mine Workers of America, 444 U.S. 212, 216-17 (1979) (applying common law principles and affirming that an international union could not be held liable for an unauthorized strike by one of its local unions). In order to properly plead such a relationship between National and Local, plaintiff cannot simply rely on mere affiliation between the two. Rather, he must allege facts demonstrating that National "instigated, supported, ratified or encouraged the Local's activities or that the Local acted pursuant to its

4

1  agreement with [National] . . .." Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers, 989 F.2d
2  1534, 1543 (9th Cir. 1993).

3  Plaintiff refers the court to various exhibits submitted in support of his motion for leave to file the SAC and claims that, in granting that motion, the court "noted validity of my argument that crossover exists re: both parties (same employers, financial backers, logo, acronyms, etc.)." (Opp. at 2). The court made no such finding. As discussed above, plaintiff's motion for leave to file the SAC was largely undisputed (i.e., opposed on a ground that plaintiff did not contest), and the court otherwise granted the motion because plaintiff met the very liberal standard for granting leave to amend under Fed. R. Civ. P. 15. (Dkt. 65).

As for the exhibits submitted in support of that motion, none of the matters that plaintiff now wishes the court to consider are alleged in the SAC. Nevertheless, the court has reviewed those exhibits, solely for the purpose of determining whether they suggest that plaintiff might be able to amend his claim. Some indicate that the matters about which plaintiff complains were handled by Local. One document states, "Locals elect their own officers and conduct their own day-to-day business." (Dkt. 77 at 16). Another, which appears to be a printout from the Local's website, indicates that it is Local that provides representation for its members in EEO proceedings. (Id. at 11). Yet another document appears to be an excerpt of discovery responses stating that during a Local meeting, plaintiff requested an EEO representative, and "Ernie" (possibly Ernie Grijalva, identified in other exhibits as the Local's President) said "yes." (Id. at 12, 14).

Other exhibits demonstrate mere affiliation between National and Local. Plaintiff points out that National and Local use the same acronym "NPMHU" and logo; that national dues are used to pay for all operating expenses, including "grievance handling above the local level"; and that members may vote for local and national officers. (Dkt. 77 at 13-16). However, such features "are common in union constitutions and do not sufficiently evidence the type of inter-relationship between the day-to-day operations of the [parent] and local union required to" establish agency. Herman v. United Bhd. of Carpenters and Joiners of America, Local No. 971, 60 F.3d 1375, 1384 (9th Cir. 1995) (concluding that "receiv[ing] dues from locals," among other things, did not establish agency). And, National points out that members are entitled by statute to participate in national and local elections. See 29

5

U.S.C. § 481(a), (b).

In his opposition brief, plaintiff otherwise asserts that "contract language implies that all officers of union are agents of NPMHU"; that Local "implied that a NPMHU attorney may have been involved in my EEO case"; and that National "should have known about years of EEO representation of members by union officers" and thus "supported" and "encouraged" such representation by Local. (Opp. at 2-3). At the motion hearing, plaintiff claimed that, in correspondence with National officers, he mentioned Local's provision of representation for members. Plaintiff also stated that in discovery, National reportedly admitted (in response to a request for admission) that courts have, in some cases, held parent unions liable for the conduct of its local. (But, plaintiff says he did not elicit any more detail than that.) These vague allegations are not in the SAC. In any event, they do not adequately support a plausible claim that National may be held liable for anything Local did (or failed to do), much less that National instigated, supported, ratified, or encouraged Local's alleged wrongdoing. See Moore, 989 F.2d at 1543 ("Moreover, constructive knowledge of the Local's possibly illegal activity does not impose on International a legal duty to intervene.").

Finally, plaintiff argues that National should not be dismissed now because Local may take the position, based on some as yet unknown information, that National is partly responsible. This is entirely speculative, however. In order to survive dismissal, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. On the record presented, the court does not find sufficient facts alleged in the SAC, nor anything indicating that plaintiff may amend the SAC, to state a plausible claim for relief.

Accordingly, based on the foregoing, National's motion to dismiss is granted, and the SAC is dismissed as to National without leave to amend.

SO ORDERED.

Dated: November 7, 2017

HOWARD R. LLOYD
United States Magistrate Judge